IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

REGIS GRICE,

           Plaintiff,

v.

TAPIO, *et al.*,

           Defendants.

ORDER

18-cv-923-slc

---

*Pro se* plaintiff Regis Grice, a prisoner at Waupun Correctional Institution, is proceeding against defendants Tapio and Marchant on Eighth Amendment deliberate indifference and Wisconsin negligence claims related to the alleged delays and improper handling of the issues surrounding his degenerative hip condition. In the leave to proceed order, I dismissed defendants Dittman and Jeanpierre. Grice has filed a motion for reconsideration, seeking to include additional allegations as to Dittman and Jeanpierre, as well as to add special needs committee members who handled his requests for a special mattress (dkt. 16), as well as two motions for assistance in recruiting counsel (dkt. 26, 28). For the reasons that follow, I am denying both motions, although the motions seeking assistance in recruiting counsel are denied without prejudice.

I.      **Motion for Reconsideration (dkt. 16)**

Grice seeks to reinstate defendants Dittman and Jeanpierre, as well as to add the special committee members that were involved in denying him a medical mattress.

Starting with Dittman, I dismissed this defendant because Dittman was not personally involved in the events comprising his claims, and Grice's claims were not challenging any official or unofficial policies that Dittman knew about by virtue of his position as warden. (3/14/19

Order (dkt. 12) at 5-6.) Grice seeks reconsideration on the ground that Dittman is "supposed" to make sure that health services staff follow policies related to his care. However, Grice has not pointed to any allegation in his complaint suggesting that Dittman actually had been made aware that Grice was not receiving proper care and failed to take action. Accordingly, there is no basis to reinstate Dittman as a defendant.

As for Dr. Jeanpierre, Grice alleged in his complaint that Dr. Jeanpierre recommended that he start nortriptyline for pain on November 9, 2018, and then changed the prescription to duluxetine upon realizing that Grice was already on this medication. I dismissed Jeanpierre because she changed the order that day, and Jeanpierre was not otherwise involved in Grice's treatment during the time period alleged in his complaint. In his motion, Grice doesn't take issue with that conclusion, and instead references new facts. He wants to proceed against Jeanpierre because she subsequently also denied him a medical mattress for months, and then when she eventually submitted a request for a medical mattress to the special needs committee, it was denied. However, these allegations were not part of Grice's complaint, so I will not reinstate Jeanpierre on that basis.

The result is the same with respect to Grice's final request, to proceed against special needs committee members Kueppers, Frame, Deblanc, Tritt, Marchant, and Larson. Again, Grice's complaint does not include any allegations related to his attempt to obtain special needs committee approval of a medical mattress. While Grice's motion references his ongoing failed efforts to get approval from the committee for this mattress, his complaint is devoid of any such allegations.

If the events related to his requests for a medical mattress took place during the same time period outlined in Grice's complaint, Grice may seek leave to file an amended complaint or supplement to his original complaint that includes allegations related to how Dr. Jeanpierre and the special needs committee members were each involved in his requests for a medical mattress. Grice should keep in mind that before he can pursue claims related to his failed efforts to obtain a medical mattress, he will need to exhaust his administrative remedies within the prison, and then he may pursue a claim in this court. If he promptly submits a motion for leave to amend along with a proposed amended complaint or supplement, the court will screen it as required by § 1915A. However, Grice should be aware that any further attempts to broaden his claims in this lawsuit will likely be denied.

## II. Motion for Assistance in Recruiting Counsel (dkt. 26, 28)

A pro se litigant does not have a right to counsel in a civil case, *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to assist pro se litigants in finding a lawyer to represent them. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). A party who wants assistance from the court in recruiting counsel must meet certain requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010). First, he must show that he is unable to afford counsel and that he made reasonable efforts on his own to find a lawyer to represent him. Grice has satisfied these preliminary requirements.

I am not convinced that the legal and factual difficulty of this case exceeds Grice's demonstrated ability to prosecute it. *Pruitt*, 503 F.3d at 654–55. "The question is not whether a lawyer would present the case more effectively than the pro se plaintiff" but instead whether

the pro se litigant can "coherently present [his case] to the judge or jury himself." *Id.* at 655. Almost all of this court's pro se litigants would benefit from the assistance of counsel, but there are not enough lawyers willing to take these types of cases to give each plaintiff one. Accordingly, the court must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

Grice represents that he needs the assistance of counsel to litigate his claims because his medical care claims may require an expert, the jailhouse lawyer that has been helping him with this lawsuit is being released from prison, he lacks the knowledge to litigate his claims, and he has a learning disability that makes it very difficult for him to comprehend what he reads. To start, however, nearly all pro se litigants are untrained in the law and many of them are raising issues about medical care. There is no categorical rule that all prisoners challenging the adequacy of their medical care are entitled to counsel. *See Williams v. Swenson,* 747 F. App'x 432, 434 (7th Cir. 2019) (affirming district court's denial of request for counsel in medical care case); *Dobbey v. Carter*, 734 F. App'x 362, 364 (7th Cir. 2018) (same); *Romanelli v. Suliene*, 615 F.3d 847, 853 (7th Cir. 2010) (same). The law governing Grice's claims is well established and was explained to him in the screening order, and at this point, it is not clear yet whether the case will turn on questions requiring medical expertise. *See Redman v. Doehling,* 751 F. App'x 900, 905 (7th Cir. 2018) ("Redman could litigate his claims himself because they turned on historical facts as opposed to medical evidence").

4

Furthermore, while Grice may have received help for some of his filings in this lawsuit, his requests for counsel and motion for reconsideration appear to have been drafted by him alone. These submissions are readable and they reflect an understanding of the claims Grice is pursuing. Furthermore, Grice represents that he sent defendants a discovery request, and while he represents that he has not heard back from them, the fact that he sent it suggests that he has the ability to engage in the discovery process. Accordingly, I am not persuaded at this point that Grice does not have the ability to litigate this lawsuit without the assistance of an attorney. That said, if any of his claims survive summary judgment, then Grice may renew his motion and provide a detailed explanation of how the claims proceeding to trial are too complex for him to litigate on his own.

ORDER

IT IS ORDERED THAT plaintiff Regis Grice's motion for reconsideration (dkt. 16) and his motions for assistance in recruiting counsel (dkts. 26 & 28) all are DENIED. Grice's requests for assistance in recruiting counsel are denied without prejudice, as provided above.

Entered this 7th day of August, 2019.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge