IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

REGIS GRICE,

               Plaintiff,

     v.

TAPIO, *et al.*,

               Defendants.

ORDER

18-cv-923-slc

_____

     Pro se plaintiff Regis Grice, a prisoner at Waupun Correctional Institution, is proceeding against defendants Tapio and Marchant on Eighth Amendment deliberate indifference and state negligence claims related to alleged delays and mishandling of his degenerative hip condition, and against Dr. Jeanpierre, Kuepper, Frame, Deblanc, Tritt, and Larson for their alleged refusal to approve him for a special mattress. Grice has filed a motion to alter or amend (dkt. 51), and for the court to find him an attorney (dkt. 52). For the reasons that follow, I am granting in part and denying in part Grice's motion to alter or amend, and I am denying his request for assistance in recruiting counsel without prejudice.

**Motion to Alter or Amend (dkt. 51)**

     Grice seeks to alter or amend several aspects of the court's September 30, 2019, order that allowed him leave to proceed on additional claims set forth in his proposed amended complaint (dkt. 39).

     First, Grice complains that the order incorrectly noted a date: while he alleged that he submitted an information request on November 28, 2018, the order used the year 2019. Grice had alleged that date in his amended complaint (dkt. 31 at 7) and I will note this for the record, but it doesn't affect any of the claims upon which Grice is proceeding.

Second, Grice takes issue with a statement on page 4 of the order that "Tapio requested that Dr. Jeanpierre opine about the appropriateness of surgery." (*Id.* at 4.) Grice claims this is incorrect; that actually the discussions were between Jeanpierre and other individuals, "Laning, Jesse K, Hauge, Tya L." Grice did not include this specific allegation in his amended complaint and these individuals are not part of this lawsuit, but I will accept that Grice's assertion that Tapio was not involved in the discussions about surgery. To the extent this modification would impact Tapio's answer to Grice's amended complaint, he may file an amended answer.

Third, and most substantive, Grice asks that I reconsider my decision denying him leave to proceed against Health Services Unit (HSU) Manager Marchant related to Marchant's alleged failure to respond to several of Grice's Health Service Requests (HSRs) because Grice had not actually alleged that Marchant received those requests. (*See* 9/30/2019 Order (dkt. 39) 7-8.) I previously concluded that it would be unreasonable to infer that Marchant knew about those HSRs because Grice alleged that while he directed the request to the "HSU manager," other HSU staff members responded, and Grice has not alleged facts suggesting that Marchant directed them to respond.

Now, Grice seeks reconsideration, pointing to several paragraphs of his amended complaint he claims support a claim against Marchant, pointing to paragraphs 13, 18, 19, 42, 41, 44, 62, 71 and 72 of his Amended Complaint (dkt. 31). I will address each and explain why I will now allow Grice to proceed against Marchant for a few additional incidents.

Grice may not proceed against Marchant for his allegations in paragraph 13, in which he alleges that he submitted an HSR complaining that he wanted the HSU manager to handle his

requests. Since Grice's allegations make it clear that other HSU staff responded to this HSR, it would unreasonable to infer that Marchant was involved.

As for paragraphs 18 and 19, Grice already is proceeding against Marchant with respect to those allegations, which related to Marchant's September 27, 2018, response to Grice's Information Requests. (3/14/2019 Order (dkt. 12) 8.)

Grice may not proceed on his allegations in paragraph 41, which relate to a December 1, 2018, HSR because Grice does not allege that Marchant received it or responded to it.

In paragraph 42, Grice alleges that on December 4, 2018, he directed an Information Request to the HSU manager complaining that his pain medication was not working and that the "HSU manager" responded on December 6 that his appointment to see a provider was moved up. I previously observed that it appears from the Information Request that Grice has submitted that a nurse–*i.e.*, not Marchant– responded to this request. (*See* Ex. 26 (dkt. 31-1, at 5).) But Grice insists that the HSU Manager responded, which I must accept as true at the pleading stage.

Even so, the response that Grice received does not support a reasonable inference of deliberate indifference. Grice was asking to see a physician for new pain medication, and it would be unreasonable to infer that Marchant, who is not a physician, could do anything more than hasten Grice's appointment with his physician, and Marchant's response indicates she took that step. Indeed, I previously noted that Grice's records show that Dr. Jeanpierre *did* meet with Grice a week later, on December 13. (9/30/2019 Order (dkt. 39) 3; Ex. 27 (dkt. 31-1 at 8).) Since Grice's allegations make it clear that all he wanted was an appointment with a physician

to discuss his medications, and Grice did see a doctor one week later, I will not allow Grice to proceed on his allegations in paragraph 42.

In paragraph 44, Grice alleges that he submitted an HSR about his pain, but he does not allege that Marchant responded or reviewed the request, so he may not proceed against Marchant with respect to this alleged HSR.

In paragraph 62, Grice alleges that on February 24, 2019, he submitted an HSR and letter to Marchant, related to his requests for a single cell, a needed injection and a medical mattress. Grice did not allege that Marchant responded, but a closer review of the attachments to his complaint show that Marchant may have responded by reporting that Grice did receive the injection and that his single cell request had been forwarded to the appropriate committee. Assuming that Marchant was the one who responded, it would be unreasonable to infer that her response constituted deliberate indifference. Marchand confirmed that Grice had received the injection and that she had no control over single cell placement, so had sent his request to the appropriate committee for review. Grice does not allege that Marchant's responses were not actually true. Because her response demonstrates an effort to ensure that Grice's concerns were being addressed, these allegations do not support an inference of deliberate indifference.

In paragraphs 71 and 72, Grice outlines two more Information Requests, from July 20 and 24 of 2019, in which he complained that his surgery was not being scheduled quickly enough and he was waiting for new medications. According to Grice, Marchant responded to his July 20 HSR, writing that his surgery was being scheduled, and similarly responded to his July 24 HSR that his medication was sent out on July 25. Marchant's responses to these inquiries do not suggest that she acted with deliberate indifference: there is no suggestion that Marchant

could control when Grice's surgery would be scheduled, and Grice's allegations suggest that Marchant took prompt action to ensure that Grice received his medication. Accordingly, while I will accept that Marchant is the person who responded to some of Grice's communications, Grice may not proceed against Marchant on these communications because her responses do not suggest that she completely failed to provide Grice with care or abandoned her professional judgment.

That said, Grice claims that Marchant should be held accountable because she was also a member of the special needs committee that denied him a medical mattress to accommodate his hip condition. It appears that Marchant was a member of the special needs committee, and my order was not clear about whether Grice could proceed against Marchant for her involvement in the committee. Accordingly, Grice also may proceed against Marchant for her involvement in denying his requests for a medical mattress on November 29, 2018, January 8, 2019, and January 17, 2019. Since Marchant's answer denies knowledge of the facts relevant to Grice's claims and otherwise denies that she violated his rights (*see* Answer to Am. Compl. (dkt 47)), Marchant does not need to file an amended answer.

**Motion for Appointment of Counsel (dkt. 52)**

Grice has renewed his request that the court find a lawyer for him because he lacks adequate access to legal resources and this case is complex and requires expert testimony. As I already have explained, a pro se litigant does not have a right to counsel in a civil case, *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to assist

pro se litigants in finding a lawyer to represent them. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007).

Having reviewed Grice's more recent submissions, including his motion for summary judgment and supporting evidence, I am not persuaded that the legal and factual challenges posed by his claims in this lawsuit are beyond his capabilities. Indeed, as I already have stated, Grice's submissions are readable and reflect an understanding of the relevant legal standards. Accordingly, I'm again denying Grice's motion for recruitment of counsel without prejudice.

ORDER

IT IS ORDERED THAT:

1) Plaintiff Regis Grice's motion for reconsideration (dkt. 51) is GRANTED IN PART and DENIED IN PART, as set forth above. In addition to the claims he already is pursuing, Grice may proceed against Marchant for her involvement as a special needs committee member.

2) Plaintiff's motion for appointment of counsel (dkt. 52) is DENIED without prejudice.

Entered this 17th day of December, 2019.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge